UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALYSA OCASIO, ANDREW OCASIO, and
JAHAIRA HOLDER, as Administratrix of
the Estate of Sandy Guardiola,

                 Plaintiffs,

     - vs -

                                     **ANSWER**

                            Case No.: 6:18-cv-06712
                             (DGL)

CITY OF CANANDAIGUA, a municipal entity;
Canandaigua Police Chief STEPHEN HEDWORTH, in
his individual capacities; Canandaigua Police Sergeant
SCOTT KADIEN, in his individual capacity; DOCCS
Parole Chief DAWN ANDERSON, in her individual
capacity; DOCCS Senior Parole Office THOMAS
O'CONNOR, in his individual capacity; DOCCS
Senior Parole Officer BETH HART-BADER, in her
individual capacity; GRAND ATLAS PROPERTY
MANAGEMENT, LLC, formerly known as MORGAN
MANAGEMENT, LLC a domestic Limited Liability
Company; MORGAN COMMUNITIES
MANAGEMENT, LLC ("Morgan Communities"), a
domestic Limited Liability Company; PINNACLE
NORTH I, LLC ("Pinnacle"), a foreign Limited
Liability Company; and JOHN and JANE DOE #1 and
#2, employees of GRAND ATLAS, MORGAN
COMMUNITIES, and/or PINNACLE,

                 Defendants.

_____

       Defendant Police Sergeant SCOTT KADIEN (hereinafter "Defendant"), in his official

capacity as a Sergeant with the City of Canandaigua Police Department and individually, by and

through his attorneys, Goldberg Segalla LLP, sets for his Answer to Plaintiffs' Complaint

("Complaint") and his affirmative defenses as follows:

## PRELIMINARY STATEMENT

1.      Defendant DENIES the allegations contained in paragraph "1" of the Complaint.

2.      Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "2" of the Complaint.

3.      Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "3" of the Complaint.

4.      Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "4" of the Complaint.

5.      Defendant ADMITS that he responded to the call for a wellness check, but DENIES the remaining allegations set forth in paragraph "5" of the Complaint.

6.      Defendant DENIES the allegations contained in paragraph "6" of the Complaint.

7.      Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "7" of the Complaint.

8.      Defendant DENIES the allegations contained in paragraph "8" of the Complaint.

9.      Defendant DENIES the allegations contained in paragraph "9" of the Complaint.

## JURISDICTION AND VENUE

10.      Defendant ADMITS the Court has subject matter jurisdiction under the statutory provisions cited in paragraph "10" of the Complaint, but DENIES Plaintiffs' constitutional and civil rights were violated.

11.      Defendant ADMITS the Court has supplemental jurisdiction over state law claims under the statutory provisions cited in in paragraph "11" of the Complaint.

12.      Defendant ADMITS the venue is proper based on the statutory provision referenced in paragraph "12" of the Complaint.

21368056.v1

**JURY DEMAND**

13.     Defendant asserts his rights under the Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

**THE PARTIES**

**Plaintiff**

14.     Defendant ADMITS the allegation of paragraph "14" that the incident, which is the subject of this lawsuit, occurred at Pinnacle North Apartments, but DENIES the remaining allegations of that paragraph of the Complaint.

15.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "15" of the Complaint.

16.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "16" of the Complaint.

17.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "17" of the Complaint.

**Defendants**

18.     Defendant ADMITS the allegations of paragraph "18" of the Complaint.

19.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "19" of the Complaint.

20.     Defendant ADMITS that portion of paragraph "20" that Stephen Hedworth was the Chief of Police for the Canandaigua Police Department, but DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the remaining allegations of this paragraph.

21.     Defendant ADMITS that portion of paragraph "21" that he is a Canandaigua Police Department Police Sergeant, but DENIES the remaining allegations of that paragraph.

22.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "22" of the Complaint.

23.     Defendant DENIES the allegations contained in paragraph "23" of the Complaint.

24.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "24" of the Complaint.

25.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "25" of the Complaint.

26.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "26" of the Complaint.

27.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "27" of the Complaint.

28.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "28" of the Complaint.

29.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "29" of the Complaint.

30.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "30" of the Complaint.

31.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "31" of the Complaint.

32.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "32" of the Complaint.

33.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "33" of the Complaint.

## <u>STATEMENT OF FACTS</u>

### <u>Ms. Guardiola's Background</u>

34.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "34" of the Complaint.

35.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "35" of the Complaint.

36.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "36" of the Complaint.

37.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "37" of the Complaint.

38.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "38" of the Complaint.

39.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "39" of the Complaint.

40.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "40" of the Complaint.

41.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "41" of the Complaint.

42.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "42" of the Complaint.

43.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "43" of the Complaint.

44.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "44" of the Complaint.

45.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "45" of the Complaint.

46.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "46" of the Complaint.

**Medical Leave**

47.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "47" of the Complaint.

48.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "48" of the Complaint.

49.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "49" of the Complaint.

50.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "50" of the Complaint.

51.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "51" of the Complaint.

52.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "52" of the Complaint.

53.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "53" of the Complaint.

54.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "54" of the Complaint.

55.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "55" of the Complaint.

56.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "56" of the Complaint.

**Officer Kadien's Unreasonable Entry and Use of Excessive and Deadly Force on October 4, 2017**

57.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "57" of the Complaint.

58.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "58" of the Complaint.

59.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "59" of the Complaint.

60.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "60" of the Complaint.

61.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "61" of the Complaint.

62.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "62" of the Complaint.

63.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "63" of the Complaint.

64.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "64" of the Complaint.

65.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "65" of the Complaint.

66.     Defendant DENIES the allegations contained in paragraph "66" of the Complaint.

67.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "67" of the Complaint.

68.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "68" of the Complaint.

69.     Defendant DENIES the allegations contained in paragraph "69" of the Complaint.

70.     Defendant DENIES the allegations contained in paragraph "70" of the Complaint.

71.     Defendant DENIES the allegations contained in paragraph "71" of the Complaint.

72.     Defendant ADMITS the allegations contained in paragraph "72" of the Complaint.

73.     Defendant DENIES the allegations contained in paragraph "73" of the Complaint.

74.     Defendant DENIES the allegations contained in paragraph "74" of the Complaint.

75.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "75" of the Complaint.

76.     Defendant DENIES the allegations contained in paragraph "76" of the Complaint.

77.     Defendant DENIES the allegations contained in paragraph "77" of the Complaint.

78.     Defendant DENIES the allegations contained in paragraph "78" of the Complaint.

79.     Defendant DENIES the allegations contained in paragraph "79" of the Complaint.

80.     Defendant DENIES the allegations contained in paragraph "80" of the Complaint.

81.     Defendant ADMITS the allegations contained in paragraph "81" of the Complaint.

82.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "82" of the Complaint.

83.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "83" of the Complaint.

84.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "84" of the Complaint.

85.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "85" of the Complaint, but DENIES the allegation that "Ms. Guardiola used her right arm to reach for her New York Parole-issued service revolver."[1]

86.     Defendant DENIES the allegations contained in paragraph "86" of the Complaint.

87.     Defendant DENIES the allegations contained in paragraph "87" of the Complaint.

88.     Defendant DENIES the allegations contained in paragraph "88" of the Complaint.

89.     Defendant DENIES the allegations contained in paragraph "89" of the Complaint.

90.     Defendant DENIES the allegations contained in paragraph "90" of the Complaint.

91.     Defendant DENIES the allegations contained in paragraph "91" of the Complaint.

92.     Defendant ADMITS the allegations contained in paragraph "92" to the extent that multiple law enforcement agencies responded, but DENIES KNOWLEDGE or INFORMATION sufficient to form a belief as to specific agencies that responded, and DENIES that "New York Police Department officers" responded.[2]

93.     Defendant DENIES the allegations contained in paragraph "93" of the Complaint.

---

[1] Ms. Guardiola did not possess a "revolver."
[2] Plaintiffs list New York City police department as a responding agency, rather than New York State police.

94.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "94" of the Complaint.

95.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "95" of the Complaint.

96.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "96" of the Complaint.

97.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "97" of the Complaint.

98.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "98" of the Complaint.

99.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "99" of the Complaint.

100.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "100" of the Complaint.

101.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "101" of the Complaint.

102.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "102" of the Complaint.

103.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "103" of the Complaint.

104.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "104" of the Complaint.

105.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "105" of the Complaint.

**CPD's Unlawful Practice regarding Wellness Checks**

106.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "106" of the Complaint.

107.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "107" of the Complaint.

108.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "108" of the Complaint.

109.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "109" of the Complaint.

110.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "110" of the Complaint.

111.     Defendant DENIES the allegations contained in paragraph "111" of the Complaint.

112.     Defendant DENIES the allegations contained in paragraph "112" of the Complaint.

113.     Defendant DENIES the allegations contained in paragraph "113" of the Complaint.

114.     Defendant DENIES the allegations contained in paragraph "114" of the Complaint.

**COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW**

115.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "115" of the Complaint.

116.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "116" of the Complaint.

117.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "117" of the Complaint.

**FIRST CAUSE OF ACTION**
**42 U. S. C. §1983 – Violations of Fourth and Fourteenth Amendment Rights**
**(against KADIEN, ANDERSON, O'CONNOR, and HART-BADER)**

118.    With respect to the allegations of paragraphs "1" through "117" of the Complaint admit those allegations as are elsewhere admitted, deny those allegations as are elsewhere herein denied, and deny knowledge or information sufficient to form a belief as to those allegations as are elsewhere herein similarly treated.

119.    Defendant DENIES the allegations contained in paragraph "119" of the Complaint.

    a.    Defendant DENIES the allegations contained in paragraph "119 a."

    b.    Defendant DENIES the allegations contained in paragraph "119 b."

    c.    Defendant DENIES the allegations contained in paragraph "119 c."

    d.    Defendant DENIES the allegations contained in paragraph "119 d."

    e.    Defendant DENIES the allegations contained in paragraph "119 e."

120.    Defendant DENIES the allegations contained in paragraph "120" of the Complaint.

121.    Defendant DENIES the allegations contained in paragraph "121" of the Complaint.

122.    Defendant DENIES the allegations contained in paragraph "122" of the Complaint.

## SECOND CAUSE OF ACTION
**42 U.S.C. §1983 – Conspiracy to Violate the Fourth and Fourteenth Amendments (against KADIEN, ANDERSON, O'CONNOR, and HART-BADER)**

123.    With respect to the allegations of paragraphs "1" through "123" of the Complaint admit those allegations as are elsewhere admitted, deny those allegations as are elsewhere herein denied, and deny knowledge or information sufficient to form a belief as to those allegations as are elsewhere herein similarly treated.

124.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "124" of the Complaint.

125.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "125" of the Complaint.

126.    Defendant DENIES the allegations contained in paragraph "126" of the Complaint.

127.    Defendant DENIES the allegations contained in paragraph "127" of the Complaint.

      a.    Defendant DENIES the allegations contained in paragraph "127 a."

      b.    Defendant DENIES the allegations contained in paragraph "127 b."

      c.    Defendant DENIES the allegations contained in paragraph "127 c."

      d.    Defendant DENIES the allegations contained in paragraph "127 d."

      e.    Defendant DENIES the allegations contained in paragraph "127 e."

128.     Defendant DENIES the allegations contained in paragraph "128" of the Complaint.

129.     Defendant DENIES the allegations contained in paragraph "129" of the Complaint.

   a. Defendant DENIES the allegations contained in paragraph "129 a."

   b. Defendant DENIES the allegations contained in paragraph "129 b."

   c. Defendant DENIES the allegations contained in paragraph "129 c."

   d. Defendant DENIES the allegations contained in paragraph "129 d."

   e. Defendant DENIES the allegations contained in paragraph "129 e."

   f. Defendant DENIES the allegations contained in paragraph "129 f."

130.     Defendant DENIES the allegations contained in paragraph "130" of the Complaint.

**THIRD CAUSE OF ACTION**
**42 U.S.C. §1983 and Article 1, §12 of the New York State Constitution**
**(against CITY OF CANANDAIGUA)**

131.     With respect to the allegations of paragraphs "1" through "130" of the Complaint admit those allegations as are elsewhere admitted, deny those allegations as are elsewhere herein denied, and deny knowledge or information sufficient to form a belief as to those allegations as are elsewhere herein similarly treated.

132.     Defendant DENIES the allegations contained in paragraph "132" of the Complaint.

133.     Defendant DENIES the allegations contained in paragraph "133" of the Complaint.

134.     Defendant DENIES the allegations contained in paragraph "134" of the Complaint.

135.     Defendant DENIES the allegations contained in paragraph "135" of the Complaint.

136.     Defendant DENIES the allegations contained in paragraph "136" of the Complaint.

137.     Defendant DENIES the allegations contained in paragraph "137" of the Complaint.

138.     Defendant DENIES the allegations contained in paragraph "138" of the Complaint.

139.     Defendant DENIES the allegations contained in paragraph "139" of the Complaint.

140.     Defendant DENIES the allegations contained in paragraph "140" of the Complaint.

## FOURTH CAUSE OF ACTION
**42 U.S.C. §1983 – Violation of Plaintiff's Fourteenth Amendment Rights to be Free from Wrongful Government Interference with Familial Relationships**
**(against Individual Defendants and the CITY OF CANANDAIGUA)**

141.     With respect to the allegations of paragraphs "1" through "140" of the Complaint admit those allegations as are elsewhere admitted, deny those allegations as are elsewhere herein denied, and deny knowledge or information sufficient to form a belief as to those allegations as are elsewhere herein similarly treated.

142.     Defendant DENIES the allegations contained in paragraph "142" of the Complaint.

143.     Defendant DENIES the allegations contained in paragraph "143" of the Complaint.

144.     Defendant DENIES the allegations contained in paragraph "144" of the Complaint.

145.     Defendant DENIES the allegations contained in paragraph "145" of the Complaint.

146.     Defendant DENIES the allegations contained in paragraph "146" of the Complaint.

147.     Defendant DENIES the allegations contained in paragraph "147" of the Complaint.

148.     Defendant DENIES the allegations contained in paragraph "148" of the Complaint.

**FIFTH CAUSE OF ACTION**
**Violations of New York State Constitution**
**(against KADIEN, ANDERSON, O'CONNOR, and HART-BADER)**

149.     With respect to the allegations of paragraphs "1" through "148" of the Complaint admit those allegations as are elsewhere admitted, deny those allegations as are elsewhere herein denied, and deny knowledge or information sufficient to form a belief as to those allegations as are elsewhere herein similarly treated.

150.     Defendant DENIES the allegations contained in paragraph "150" of the Complaint.

151.     Defendant ADMITS the allegations contained in paragraph "151" of the Complaint.

152.     Defendant DENIES the allegations contained in paragraph "152" of the Complaint.

153.     Defendant DENIES the allegations contained in paragraph "153" of the Complaint.

## SIXTH CAUSE OF ACTION
**Assault and Battery**
**(against Defendant KADIEN)**

154.     With respect to the allegations of paragraphs "1" through "153" of the Complaint admit those allegations as are elsewhere admitted, deny those allegations as are elsewhere herein denied, and deny knowledge or information sufficient to form a belief as to those allegations as are elsewhere herein similarly treated.

155.     Defendant DENIES the allegations contained in paragraph "155" of the Complaint.

156.     Defendant ADMITS the allegations contained in paragraph "156" of the Complaint.

157.     Defendant DENIES the allegations contained in paragraph "157" of the Complaint.

158.     Defendant DENIES the allegations contained in paragraph "158" of the Complaint.

## SEVENTH CAUSE OF ACTION
**Negligence / Premises Liability**
**(against PINNACLE, GRAND ATLAS, MORGAN COMMUNITIES, PINNACLE EMPLOYEE DEFENDANTS)**

159.     With respect to the allegations of paragraphs "1" through "158" of the Complaint admit those allegations as are elsewhere admitted, deny those allegations as are elsewhere herein

denied, and deny knowledge or information sufficient to form a belief as to those allegations as are elsewhere herein similarly treated.

160.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "160" of the Complaint.

161.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "161" of the Complaint.

        a.    Defendant DENIES the allegations contained in paragraph "161 a."

        b.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "161 b."

        c.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "161 c."

        d.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "161 d."

        e.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "161 e."

162.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "162" of the Complaint.

163.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "163" of the Complaint.

164.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "164" of the Complaint.

165.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "165" of the Complaint.

166.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "166" of the Complaint.

## EIGHTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### (against PINNACLE, MORGAN COMMUNITIES, GRAND ATLAS, and PINNACLE EMPLOYEE DEFENDANTS)

167.    With respect to the allegations of paragraphs "1" through "166" of the Complaint admit those allegations as are elsewhere admitted, deny those allegations as are elsewhere herein denied, and deny knowledge or information sufficient to form a belief as to those allegations as are elsewhere herein similarly treated.

168.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "168" of the Complaint.

169.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "169" of the Complaint.

170.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "170" of the Complaint.

171.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "171" of the Complaint.

## NINTH CAUSE OF ACTION
### Negligent Hiring, Training, and Discipline
### (against PINNACLE, MORGAN COMMUNITIES, and GRAND ATLAS)

172.    With respect to the allegations of paragraphs "1" through "171" of the Complaint admit those allegations as are elsewhere admitted, deny those allegations as are elsewhere herein denied, and deny knowledge or information sufficient to form a belief as to those allegations as are elsewhere herein similarly treated.

173.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "173" of the Complaint.

174.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "174" of the Complaint.

175.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "175" of the Complaint.

176.     Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "176" of the Complaint.

<u>TENTH CAUSE OF ACTION</u>
**Wrongful Death**
**(against the Individual Defendants, the CITY OF CANANDAIGUA, O'CONNOR, PINNACLE, MORGAN COMMUNITIES, and GRAND ATLAS)**

177.     With respect to the allegations of paragraphs "1" through "176" of the Complaint admit those allegations as are elsewhere admitted, deny those allegations as are elsewhere herein denied, and deny knowledge or information sufficient to form a belief as to those allegations as are elsewhere herein similarly treated.

178.     Defendant DENIES the allegations contained in paragraph "178" of the Complaint.

179.     Defendant DENIES the allegations contained in paragraph "179" of the Complaint.

180.     Defendant ADMITS the allegations contained in paragraph "180" of the Complaint.

181.     Defendant DENIES the allegations contained in paragraph "181" of the Complaint.

182.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "182" of the Complaint.

183.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "183" of the Complaint.

184.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "184" of the Complaint.

185.    Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in paragraph "185" of the Complaint.

## ELEVENTH CAUSE OF ACTION
**Pain and Suffering**
**(against the Individual Defendants and the CITY OF CANANDAIGUA)**

186.    With respect to the allegations of paragraphs "1" through "185" of the Complaint admit those allegations as are elsewhere admitted, deny those allegations as are elsewhere herein denied, and deny knowledge or information sufficient to form a belief as to those allegations as are elsewhere herein similarly treated.

187.    Defendant DENIES the allegations contained in paragraph "187" of the Complaint.

188.    Defendant DENIES the allegations contained in paragraph "188" of the Complaint.

## DEMAND FOR RELIEF

189.    Defendant DENIES all of the Plaintiff's "wherefore clauses," demand judgment and prayer for relief contained in the Complaint.

190.    Defendant DENIES each and every allegation of the Complaint not heretofore specifically admitted or denied.

## **AFFIRMATIVE DEFENSES**

191.     Defendant affirmatively pleads the following affirmative defenses in relation to

the causes of action alleged by Plaintiffs in their Complaint:

### **FIRST AFFIRMATIVE DEFENSE**

192.     The Complaint fails, in whole or in part, to state a claim upon which relief may be

granted.

### **SECOND AFFIRMATIVE DEFENSE**

193.     Any and all acts of the agents and/or employees of the City of Canandaigua are

protected by qualified immunity.

194.     Defendant, at all times relevant hereto, acted within the scope of his discretionary

authority and under a reasonable belief, good-faith belief that his actions were lawful, proper,

and in accordance with existing law, thereby entitling him to qualified immunity from suit and

damages.

195.     Defendant, at all times relevant hereto, acted within the scope of his lawful

discretionary authority committed to him under federal law and did not violate any clearly

established statutory or constitutional rights of which a reasonable person would have known,

thereby entitling him to qualified immunity from suit and damages.

### **THIRD AFFIRMATIVE DEFENSE**

196.     Defendant, at all times relevant hereto, acted reasonably and in good-faith, with

probable cause and without malice.

### **FOURTH AFFIRMATIVE DEFENSE**

197.     Defendant acted in self-defense and in the defense of others at all times

mentioned in the Complaint.

21368056.v1

## FIFTH AFFIRMATIVE DEFENSE

198.     Defendant asserts that the allegations in the Complaint do not rise to the level of a constitutional violation.

## SIXTH AFFIRMATIVE DEFENSE

199.     Plaintiffs' claims against the individual Defendant in his official capacity are duplicative because claims against a government employee in his or her official capacity are treated as claims against a municipality.

## SEVENTH AFFIRMATIVE DEFENSE

200.     Plaintiffs' claims for punitive damages against defendant in his official capacity are barred as a matter of law, and failed to allege sufficient facts to state a claim or cause of action against Sergeant Kadien in his individual capacity.

201.     Defendant affirmatively pleads that he cannot be liable to plaintiff for exemplary or punitive damages because, at no time, did he act maliciously, willful, or with the intent to harm plaintiff beyond that which was authorized by law, or to deprive Plaintiffs of any legally protected rights.  Therefore, Plaintiffs are not entitled to punitive damages.

202.     Plaintiffs are not entitled to recover the punitive damages demanded in the Plaintiffs' Complaint as the awarding of same would be in violation of Defendant's rights under the Constitution of the State of New York and more particularly, but not exclusively, in violation of Defendant's right to substantive and procedural due process.

## EIGHTH AFFIRMATIVE DEFENSE

203.     Plaintiffs' lack standing or failed to adequately allege standing as members of an estate.

## NINTH AFFIRMATIVE DEFENSE

204.    Plaintiffs' claims, in whole or in part, fail based on a lack of personal involvement by the named Defendant in the alleged constitutional violations.

## TENTH AFFIRMATIVE DEFENSE

205.    Plaintiffs' fail to state specific acts of conduct attributable to the answering Defendant which give rise to liability pursuant to 42 U.S.C. § 1983.  As such, plaintiffs' fail to give fair and sufficient notice of the alleged wrong complained of against answering Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

206.    To the extent, Plaintiffs' failed to mitigate their alleged injuries or damages, those claims for damages are diminished or barred.

## TWELFTH AFFIRMATIVE DEFENSE

207.    Plaintiffs are guilty of culpable conduct, which caused all or part of their damages alleged.  Plaintiffs, by their own conduct alleged, assumed a risk of injury.   Plaintiffs voluntarily engaged in a dangerous activity and in doing so, assumed the risks attendant thereto, and those risks were open, obvious and known.

## THIRTEENTH AFFIRMATIVE DEFENSE

208.    Whatever injuries Plaintiffs may have sustained were caused in whole or in part, or were contributed to, by the culpable conduct and/or want of care on the part of the Plaintiffs or by someone over whom the answering Defendant had no control.

## FOURTEENTH AFFIRMATIVE DEFENSE

209.    The injuries and damages alleged in Plaintiffs' Complaint were proximately caused by an unforeseeable, independent, intervening and/or superseding event(s) beyond the control, and unrelated to any conduct, of answering Defendant.

210.   Defendant's actions or omissions, if any, were superseded by the negligence, wrongful and/or criminal conduct of others.

## FIFTEENTH AFFIRMATIVE DEFENSE

211.   Upon information and belief, Plaintiffs' economic loss, if any, as specified in CPLR §4545 was replaced, or indemnified in whole or in part, from collateral sources, and Defendant is entitled to have the Court consider the same in determining such damages as provided in CPLR §4545.

## SIXTEENTH AFFIRMATIVE DEFENSE

212.   If answering Defendant is liable at all, his liability is 50 percent or less of the total liability assigned to all persons liable.

213.   By reason thereof, the liability of Defendant to the Plaintiffs for non-economic loss shall not exceed answering Defendant's equitable share of liability determined in accordance with the relative culpability for each person causing, or contributing to the total liability for non-economic loss.

## SEVENTEEN AFFIRMATIVE DEFENSE

214.   The causes of action alleged in the Complaint are barred by the applicable statute of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

215.   Some or all of Plaintiffs' state law claims are barred because Plaintiffs' failed to comply the statutory prerequisites to suit under General Municipal Law.

## NINETEENTH AFFIRMATIVE DEFENSE

216.   Plaintiff Sandy Guardiola was guilty of provoking any actions alleged to constitute assault or battery.

## TWENTIETH AFFIRMATIVE DEFENSE

217.    Some or all of Plaintiffs' causes of action are barred by res judicata and / or collateral estoppel.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

218.    Defendant, at all times relevant, had a good faith reasonable belief that an emergency situation existed, and further had a good faith reasonable belief that a threat or medical issue warranted him entering and making a safety inspection for the purposes of insuring and protecting the well-being of Ms. Sandy Guardiola.

## TWENTY-SECOND AFFIRMATIVE OF DEFENSE

219.    Defendant contends that he cannot fully anticipate all affirmative defenses that may be applicable to this action based on the conclusory allegations, and lack of specific allegations against him, and as such, Defendant reserves the right to raise additional defenses, which may become known during further investigation and discovery in this case.

WHEREFORE, having answered fully, Defendant prays for relief seeking that judgment be entered in his favor, dismissing Plaintiffs' complaint in its entirety, with prejudice, assess costs against plaintiffs, award Defendant reasonable attorney's fees under 42 U.S.C. §1988(b), and disbursements incurred in this action, and for such other relief as this Court deems just, proper, and equitable.

DATED:        November 29, 2018
              Syracuse, New York

                                        **GOLDBERG SEGALLA, LLP**
                                        Attorneys for Defendant
                                          Police Sergeant Scott Kadien

                              By:        /s/ Shannon T. O'Connor
                                        Shannon T. O'Connor
                                        Bar Roll No.:  517122
                                        5786 Widewaters Parkway
                                        Syracuse, New York 13214
                                        Tel.:  (315) 413-5400
                                        E-mail:  soconnor@goldbergsegalla.com

To:     Jonathan C. Moore, Esq.
        Luna Droubi, Esq.
        Beldock Levine & Hoffman, LLP
        Attorneys for Plaintiffs
        99 Park Avenue, PH/26th Floor
        New York, New York 10016
        Tel:  (212) 490-0400
        Email:  jmoore@blhny.com
                ldroubi@blhny.com

21368056.v1

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 3rd day of December, 2018, I electronically filed the Answer on behalf defendant Police Sergeant Scott Kadien, with the United States District Court Clerk of the Western District of New York by using its CM/ECF system addressed to each of the following persons at the last known address:

Jonathan C. Moore, Esq. (jmoore@blhny.com)
Luna Droubi, Esq. (ldroubi@blhny.com)
Beldock Levine & Hoffman, LLP
Attorneys for Plaintiffs
99 Park Avenue, PH/26th Floor
New York, New York 10016

DATED:  December 3, 2018               */s/ Shannon T. O'Connor*
                                        Shannon T. O'Connor

21368056.v1