UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

ALYSA OCASIO, ANDREW OCASIO, and JAHAIRA
HOLDER, as Administratrix of the Estate of Sandy
Guardiola,

                              Plaintiffs,

      - against -

The CITY OF CANANDAIGUA, a municipal entity;
Canandaigua Police Chief STEPHEN HEDWORTH, in
his individual and official capacities; Canandaigua Police
Sergeant SCOTT KADIEN, in his individual capacity;
DOCCS Parole Chief DAWN ANDERSON, in her
individual capacity; DOCCS Senior Parole Officer
THOMAS O'CONNOR, in his individual capacity;
DOCCS Senior Parole Officer BETH HART-BADER, in
her individual capacity; GRAND ATLAS PROPERTY
MANAGEMENT, LLC, formerly known as MORGAN
MANAGEMENT LLC, a domestic Limited Liability
Company; MORGAN COMMUNITIES
MANAGEMENT, LLC ("Morgan Communities"), a
domestic Limited Liability Company; PINNACLE
NORTH I LLC ("Pinnacle"), a foreign Limited Liability
Company; and JOHN and JANE DOE #1 and #2,
employees of GRAND ATLAS, MORGAN
COMMUNITIES, and/or PINNACLE,

                           Defendants.

No. 18-cv-06712 (DGL) (MWP)

------------------------------------------------------------------- X

 

 

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
AND TO AMEND THE CAPTION**

BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, PH/26th Floor
New York, New York 10016
(212) 490-0400

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND .................................................................................................... 1

PROCEDURAL BACKGROUND .............................................................................................. 2

COURSE OF DISCOVERY ..................................................................................................... 3

PROPOSED NEW DEFENDANT GRANT SCRIVEN ..................................................................... 4

ARGUMENT ....................................................................................................................... 8

I.      PLAINTIFFS SHOULD BE GRANTED LEAVE TO FILE THE SECOND AMENDED
        COMPLAINT ........................................................................................................... 8

        A.    Good Cause Exists to Add Grant Scriven as a Defendant ....................................... 8

        B.    The Proposed Amendment Meets the Lenient Standard of Rule 15(a)(2) .............. 12

        C.    The Proposed Amendment is Timely Under the Relation-Back Doctrine ............. 13

II.     PLAINTIFFS SHOULD BE GRANTED LEAVE TO AMEND THE CAPTION ........ 16

CONCLUSION .................................................................................................................... 17

## TABLE OF AUTHORITIES

**Cases**

*380544 Can., Inc. v. Aspen Tech., Inc.,*
No. 07-cv-1204 (JFK), 2011 U.S. Dist. LEXIS 103951 (S.D.N.Y. Sept. 14, 2011) ................. 9

*Abdell v. City of New York*,
759 F.Supp.2d 450 (S.D.N.Y. 2010).................................................................................. 14, 16

*Baergas v. City of New York*,
No. 04-cv-2944 (BSJ)(HBP), 2005 U.S. Dist. LEXIS 18785 (S.D.N.Y. Sept. 1, 2005)........... 9

*Baez v. Kahanowicz*,
469 F. Supp. 2d 171 (S.D.N.Y. 2007)................................................................................ 14, 15

*Berry v. Vill. of Millbrook*,
No. 09-cv-4234 (KMK), 2010 U.S. Dist. LEXIS 103239 (S.D.N.Y. Sept. 29, 2010) ....... 12, 14

*Block v. First Blood Assocs.,*
988 F.2d 344 (2d Cir. 1993)....................................................................................................... 11

*Dacosta v. City of New York*,
296 F. Supp. 3d 569 (E.D.N.Y. 2017) ...................................................................................... 10

*Estate of Ratcliffe v. Pradera Realty Co.*,
No. 05-cv-10272 (JFK), 2007 U.S. Dist. LEXIS 78070 (S.D.N.Y. Oct. 19, 2007) .................. 8

*Foman v. Davis*,
371 U.S. 178 (1962)................................................................................................................... 10

*Fromson v. Citiplate, Inc.*,
No. 82 C 0986, 1989 U.S. Dist. LEXIS 1086 (E.D.N.Y. Jan. 23, 1989)............................ 14, 16

*Johnson v. Bryson*,
851 F. Supp. 2d 688 (S.D.N.Y. 2012)....................................................................................... 13

*Kassner v. 2nd Avenue Delicatessen, Inc.*,
496 F.3d 229 (2d Cir. 2007)......................................................................................................... 9

*Kirk v. Cronvich*,
629 F.2d 404 (5th Cir. 1980) ..................................................................................................... 14

*Lawrence v. Town of Cheektowaga*,
No. 04-cv-963S (WKS), 2006 U.S. Dist. LEXIS 48617 (W.D.N.Y. 2006) ............................... 9

*Monahan v. N.Y. City Dep't of Corrs.*,
214 F.3d 275 (2d Cir. 2000)..................................................................................... 12

*Navarra v. Marlborough Gallery, Inc.*,
No. 10-cv-7547 (KMW)(RLE) 2013 U.S. Dist. LEXIS 42548 (S.D.N.Y. Mar. 25, 2013)...... 15

*Rambarran v. Mt. Sinai Hosp.*,
No. 06-cv-5109 (DF), 2008 U.S. Dist. LEXIS 30580 (S.D.N.Y. March 28, 2008) .................. 9

*Ricciuti v. New York City Transit Authority*,
941 F.2d 119 (2d Cir. 1991)..................................................................................... 13

*Roe v.* Johnson,
No. 07-cv-2143 (RJD)(RER), 2011 U.S. Dist. LEXIS 155584 (E.D.N.Y. Aug. 12, 2011) ..... 15

*Rogers v. Miller*,
No 16-cv-3610 (AMD)(VMS),
2017 U.S. Dist. LEXIS 210280 (E.D.N.Y. Dec. 21, 2017) ............................................. 14, 15

*Soroof Trading Dev. Co. v. Ge Microgen, Inc.*,
283 F.R.D. 142 (S.D.N.Y. 2012) ............................................................................... 13

*SS Silberblatt, Inc. v. E. Harlem Pilot Block*,
608 F.2d 28 (2d Cir. 1979)....................................................................................... 12

*Thomas v. Conagra Foods*,
No. 20-cv-6239 (EAW)(MWP), 2022 U.S. Dist. LEXIS 73495 (W.D.N.Y. April 21, 2022).... 8

*Volunteer Fire Assoc. of Tappan, Inc. v. Cnty. of Rockland*,
No. 09-cv-4622 (CS), 2010 U.S. Dist. LEXIS 125394 (S.D.N.Y. Nov. 24, 2010) ................... 9

**Rules**

Fed. R. Civ. P. 1 ..................................................................................................... 10

Fed. R. Civ. P. 15(a) ............................................................................................... 12

Fed. R. Civ. P. 15(c)(1)(A) ...................................................................................... 14

Fed. R. Civ. P. 16(b)(4)............................................................................................. 8

Fed. R. Civ. P. 21 ................................................................................................... 13

## PRELIMINARY STATEMENT

Plaintiffs respectfully submit this memorandum of law in support of their motion for leave to file a second amended complaint and to amend the caption pursuant to Fed. R. Civ. P. 15(a). Plaintiffs seek leave to file the Proposed Second Amended Complaint, (*see* Affirmation of Marc Arena in Support of Plaintiffs' Motion for Leave to File Second Amended Complaint and to Amend the Caption ("Arena Aff."), Exhibit 1; *see also* Arena Aff.*,* Exhibit 2, Proposed Second Amended Complaint (Redline)), to add Regional Director Grant Scriven as a defendant and to conform the allegations in the complaint to developed facts.

## FACTUAL BACKGROUND

The original Complaint in this wrongful death and civil rights action was filed on October 14, 2018, by Plaintiffs Alysa and Andrew Ocasio and Jahaira Holder, as Administratrix of the Estate of Sandy Guardiola. (Dkt. No. 1). The Complaint named as defendants the City of Canandaigua and Canandaigua Police Chief Stephen Hedworth (the "City Defendants"); Canandaigua Police Sergeant Scott Kadien; New York State Department of Corrections and Community Supervision ("DOCCS") Parole Chief Dawn Anderson and Senior Parole Officers Thomas O'Connor and Beth Hart-Bader (the "State Defendants"); and Grand Atlas Property Management, LLC, and several Grand Atlas Property Management employees (the "Property Defendants").

Plaintiffs filed a First Amended Complaint ("FAC") on January 26, 2021. (Dkt. No. 88). The First Amended Complaint alleges that Defendants subjected Ms. Guardiola to a hostile work environment while she was working as a Parole Officer at DOCCS's Rochester Office. (FAC at ¶¶ 50 and 143). Having no recourse for the hostile work environment she was suffering in Rochester, Ms. Guardiola obtained a transfer to DOCCS's Binghamton Office. Defendants'

harassment of Ms. Guardiola continued, however, with fatal results. (*Id.* at ¶ 51).

Prior to starting her new position at the Binghamton Office, Ms. Guardiola suffered serious injuries in a car accident and was placed on medical leave. (*Id*. at ¶ 53). After several weeks of recuperation, Ms. Guardiola obtained approval from her doctor to return to work, (*id*. at ¶¶ 59-62), and arranged to start working at the Binghamton Office, (*id*. at ¶ 63). Ms. Guardiola had made arrangements to start working at the Binghamton Office in early October 2017, but there was confusion about her start date, and she did not go to work on October 4, 2017. (*Id*. at ¶ 73). Plaintiffs allege that Defendants improperly took advantage of this situation to further harass Ms. Guardiola by requesting a wellness check on false grounds causing an armed police officer to go to Ms. Guardiola's apartment. (*Id*. at ¶¶ 8, 77, 87). This wellness check resulted in the fatal encounter between Ms. Guardiola and Defendant Sergeant Kadien. (*Id.* at ¶ 107).

## PROCEDURAL BACKGROUND

The Parties initially attempted mediation of Plaintiffs' claims pursuant to the Court's Alternative Dispute Resolution Plan but were not successful and terminated those attempts on May 14, 2019. (See Dkt. No. 38). The City Defendants, Property Defendants, and Defendant Kadien subsequently moved to dismiss the Complaint. (Dkt. No. 39, 44, 45). After those motions were fully briefed and pending, the Court again ordered the Parties to attempt mediation, (Dkt. No. 67). As a result of that mediation, Plaintiffs resolved their claims against the Property Defendants on September 15, 2020. (*See* Dkt. Nos. 71 and 87).

The Court issued a Decision and Order on the City Defendants' and Defendant Kadien's Motions to Dismiss on January 13, 2021. (Dkt. No. 82). The Court dismissed Plaintiffs' second cause of action for conspiracy against Defendant Kadien and dismissed, in part, Plaintiffs' third

cause of action pursuant to *Monell* against the City of Canandaigua, allowing Plaintiffs leave to replead (*Id.*). Plaintiffs filed the FAC on January 26, 2021. (Dkt. No. 88).

## **COURSE OF DISCOVERY**

The Court issued an initial scheduling order in this matter on February 12, 2019, which, among other things, directed that any motions to amend the pleadings or join parties be submitted by July 12, 2019, and that fact discovery be completed by February 12, 2020. (Dkt. No. 30). While the deadline to amend the pleadings and join parties was never extended beyond July 12, 2019, fact discovery has been extended numerous times at the joint request of all parties and currently remains open. (Dkt. Nos. 57, 66, 70, 73, 85, 117, 124, 126, 134, 138, 141). Although the parties generally agree that they have been diligently working to complete discovery (*see, e.g.,* Dkt Nos. 137 and 140), Plaintiffs have twice moved to compel the State Defendants to comply with their discovery obligations and for sanctions. (Dkt. Nos. 93 and 118). Both of Plaintiffs' motions to compel against the State Defendants were granted. (Dkt. Nos. 110 and 124). Plaintiffs have deposed the currently named State Defendants as well as non-party State witnesses. However, the depositions of two non-party witnesses, Senior Parole Officer ("SPO") Aaron Palm, who would have been Ms. Guardiola's immediate supervisor in the Binghamton office, and Administrative Assistant to Grant Scriven, Rita Spaulding, had to be adjourned because documents the witnesses provided to counsel for the State Defendants were not timely disclosed to Plaintiffs or the non-State Defendants. (*See* Dkt. No. 140). Included among the most recently disclosed documents were communications to and from Grant Scriven.

On April 22, 2022, Plaintiffs submitted supplemental requests for production memorializing documents requested on the record at the depositions of Defendants Thomas O'Connor, Beth Hart-Bader, and Dawn Anderson, as well as non-party witness, Martha Lindner.

Additional documents were requested on the record during the depositions of Jennifer Pollman, Douglas Rusinko, Gina Lopez, and Patrick O'Connor. In addition to rescheduling the adjourned depositions of Aaron Palm and Rita Spaulding, Plaintiffs will be deposing Defendants Scott Kadien, Grant Scriven, Rick Kemp, Jeffrey Jones, Marco Ricci, and Carl Jason. These remaining depositions, particularly those of Grant Scriven, Jeffrey Jones, and Marco Ricci, will continue to inform Plaintiffs' understanding of Grant Scriven's role in Ms. Guardiola's experience of a hostile work environment in Rochester, the correspondence and decision-making in advance of her return to work, and the decision to call the wellness check that ultimately led to her death at the hands of Scott Kadien on October 4, 2017.

## PROPOSED NEW DEFENDANT GRANT SCRIVEN

Based primarily on new facts that were recently discovered in depositions and responses to document requests, Plaintiffs seek leave to file the Proposed Second Amended Complaint to add Grant Scriven as a defendant.

In October 2017, Grant Scriven was DOCCS Regional Director for the Western Region of New York. (FAC at 5). The State Defendants indirectly identified Mr. Scriven as an "individual likely to have discoverable information" in their initial Rule 26 disclosures, which were provided to Plaintiffs on or about September 30, 2020. (*See* Arena Aff., Exhibit 3). Those disclosures generally referred Plaintiffs to a New York State Police ("NYSP") Investigation Report regarding Ms. Guardiola's death. In that report, Defendant Parole Officer Thomas O'Connor claims that Mr. Scriven was the person who directed him to check the welfare of Ms. Guardiola on October 4, 2017. (*See* Arena Aff., Exhibit 4). The State Defendants' September 30, 2020 Interrogatory Responses further stated that Mr. Scriven had received or reviewed Ms. Guardiola's complaints regarding mistreatment by colleagues and supervisors but they did not list Mr. Scriven as having

been in contact with Ms. Guardiola between September 4, 2017, and October 4, 2017, the date of her death, or having reviewed Ms. Guardiola's medical leave paperwork during that time period. (*See* Arena Aff., Exhibit 5 at 6-7, 9). Subsequent disclosures revealed Mr. Scriven as a recipient of emails either from or concerning Ms. Guardiola.

On September 21, 2021, Defendant Thomas O'Connor provided supplemental interrogatory responses that reaffirmed his claim that Mr. Scriven directed him to perform the wellness check on Ms. Guardiola. (*See* Arena Aff., Exhibit 6 at 6-7). Mr. O'Connor further responded that the information he provided to police when requesting the wellness check—that no one at parole had been in contact with Ms. Guardiola for three weeks—had been provided to him by Mr. Scriven. (*See id*. at 10).[1]

Other emails produced for the first time by the State Defendants in late 2021 and early 2022[2] have revealed that, contrary to what Thomas O'Connor claims Mr. Scriven told him, Ms. Guardiola did have contact with members of the parole office and possibly even Mr. Scriven himself during the weeks and days leading up to October 4, 2017. For example, an October 2, 2017, email from Mr. Scriven to other parole personnel shows Mr. Scriven was aware that Ms. Guardiola was requesting a hardship transfer from her assignment at the Binghamton Office to New York City and that Mr. Scriven wanted to "reinforce her need to report to Binghamton for duty on October 5." (*See* Arena Aff., Exhibit 7). Subsequent emails show that Mr. Scriven was emailed a note Ms. Guardiola provided from her doctor approving her return to work on or about the afternoon of October 3, 2017, and that he cleared Ms. Guardiola to return to work on October

---

[1] Specifically, when requesting the wellness check on Ms. Guardiola, Mr. O'Connor told the 911 operator, "we haven't had any contact with her in about three weeks. No telephone calls or anything like that . . . " and that "nobody" had spoken to her "for three weeks" from his "department."

[2] On January 20, 2022, Defendants produced PDF Portfolios containing emails from certain DOCCS employee email accounts. Grant Scriven's emails were not among the accounts for which PDF Portfolios were produced, nor has his account been produced to date.

4, 2022. (*See* Arena Aff., Exhibit 8). Other emails suggest that Mr. Scriven may have called Ms. Guardiola at some point and discussed her return to work, but it is not clear from the emails whether he spoke directly with her or, if he did, when he spoke to her. (*See* Arena Aff., Exhibit 9).

On March 17, 2022, plaintiffs deposed Defendant Thomas O'Connor. At that deposition, Mr. O'Connor reaffirmed that the information he had provided to police—that there had been no contact with Ms. Guardiola for three weeks—had been provided to him by Mr. Scriven. (*See* Arena Aff., Exhibit 10 at 28:13-22). Thomas O'Connor added at his deposition that Mr. Scriven was the only source he had for that information. (*Id*. at 27:24-28:22). Thomas O'Connor further testified that while directing him to conduct a welfare check on Ms. Guardiola and expressing concern that she had not been heard from in three weeks, Mr. Scriven did not provide him with Ms. Guardiola's work or personal phone numbers, her emergency contact phone numbers, or the apartment unit that Ms. Guardiola lived in. Thomas O'Connor claimed that Mr. Scriven only provided him with the name and address of the apartment complex Ms. Guardiola lived in. (*Id*. at 30:20-32-25; 103:16-105:12).

On March 22, 2022, plaintiffs deposed Defendant Parole Chief Dawn Anderson. Defendant Anderson was the Rochester Metro Area Bureau Chief in 2017. At that deposition, Plaintiffs learned for the first time that Grant Scriven was directly involved in the decision to issue Ms. Guardiola a counseling memo following her complaints about the hostile work environment she was suffering. (*See* Arena Aff., Exhibit 11 at 64:11-15).

On June 3, 2022, counsel for the State Defendants produced a voicemail that the State Defendants claim SPO Aaron Palm had received from Ms. Guardiola on October 3, 2017. (*See*

Arena Aff., Exhibit 12).[3] If true, this voicemail is direct evidence that Ms. Guardiola had talked to Scriven about her return to work in the days before her death. (*See id.*).

On June 22, 2022, Plaintiffs deposed Patrick O'Connor, who was the Bureau Chief of the Binghamton and Elmira offices of DOCCS in October 2017. At this deposition, Plaintiffs learned for the first time that during the late afternoon of October 3, 2017, Patrick O'Connor had allegedly provided Ms. Guardiola with instructions to provide parole with documentation showing she was fit to return to work and that, if parole cleared her to return, she should report to the Binghamton Office on October 4th. Patrick O'Connor additionally testified that Ms. Guardiola had not obtained clearance from her doctor to return to work, but that she was expecting to receive it. (*See* Arena Aff. Exhibit 13 at 41:16-18).  Patrick O'Connor testified that he learned Ms. Guardiola did not report to Binghamton on the morning of October 4th. (*Id.* at 52:6-14). Patrick O'Connor further testified that he discussed Ms. Guardiola's absence with Mr. Scriven on October 4, 2017, and that Mr. Scriven advised him he would send someone to check on Ms. Guardiola's welfare. (*Id.* at 56:15-21). Emails indicate that Mr. Scriven did not clear Ms. Guardiola to return to work until after 8:00 a.m. on October 4, 2017, and that unlike every other email sent to Ms. Guardiola regarding her return to work, the email clearing her to work was sent to her DOCCS email account which Ms. Guardiola reported was not operational at that time (*See* Arena Aff., Exhibit 14; *see also* Arena Aff. Exhibits 15 and 16).

Discovery is ongoing, though depositions have been stayed. (*See* Dkt. No. 141). Significantly, Defendants have yet to produce the email account of Grant Scriven as they did with other DOCCS employees. In addition to other supplemental discovery requests that have and will be propounded, Plaintiffs and Defendants anticipate deposing additional witnesses, including

---

[3] Defendants produced the voicemail in the .m4a format without underlying metadata.

Grant Scriven. Plaintiffs will also be deposing DOCCS upper management officials Marco Ricci and Jeffrey Jones, as well as lead investigator for the State Police Rick Kemp. Additionally, Plaintiffs will continue the depositions of SPO Palm and Rita Spaulding.

## ARGUMENT

## I. PLAINTIFFS SHOULD BE GRANTED LEAVE TO FILE THE SECOND AMENDED COMPLAINT

Plaintiffs respectfully request leave to file a second amended complaint to add DOCCS Regional Director Grant Scriven as a defendant and add certain factual allegations to support the claims against him. Good cause exists for an amendment past the Court-ordered deadline under Federal Rule of Civil Procedure 16. Leave to amend is also appropriate under the lenient standards of Federal Rules of Civil Procedure 15(a) and 21. Defendants will not be prejudiced by the proposed amendment, and the amended will not be futile since it is timely under the relation-back doctrine of Federal Rule of Civil Procedure 15(c)(1).

### A. Good Cause Exists to Add Grant Scriven as a Defendant

If a scheduling order has been entered setting a deadline for amendments, the schedule "may be modified" to allow the amendment "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To satisfy the good cause standard the [moving] party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Thomas v. Conagra Foods*, No. 20-cv-6239 (EAW)(MWP), 2022 U.S. Dist. LEXIS 73495, at *7-8 (W.D.N.Y. April 21, 2022) (omitting internal quotations and citations); *see Estate of Ratcliffe v. Pradera Realty Co.*, No. 05-cv-10272 (JFK), 2007 U.S. Dist. LEXIS 78070, at *10-11 (S.D.N.Y. Oct. 19, 2007) (finding good cause where plaintiff sufficiently established he could not have obtained new facts warranting amendment prior to the court's deadline to amend complaint).

A party cannot demonstrate diligence where "the proposed amendment rests on

information the party knew, or should have known, in advance of the deadline." *Conagra Foods*, 2022 U.S. Dist. LEXIS 73495, at *7-8 (citation omitted); *see, e.g.*, *380544 Can., Inc. v. Aspen Tech., Inc.,* No. 07-cv-1204 (JFK), 2011 U.S. Dist. LEXIS 103951, at *12-14 (S.D.N.Y. Sept. 14, 2011) (good cause not found where plaintiff could have pleaded claims years prior to deadline to amend complaint); *Volunteer Fire Assoc. of Tappan, Inc. v. Cnty. of Rockland,* No. 09-cv-4622 (CS), 2010 U.S. Dist. LEXIS 125394, at *15 (S.D.N.Y. Nov. 24, 2010) (good cause lacking where plaintiff advised court of its intention to move to amend complaint but did not do so until over two months after the deadline the court had given plaintiff to do so); *Rambarran v. Mt. Sinai Hosp.*, No. 06-cv-5109 (DF)*,* 2008 U.S. Dist. LEXIS 30580, at *8-9 (S.D.N.Y. March 28, 2008) (good cause not demonstrated where plaintiff moved to amend five months following the deadline to amend and failed to identify the new evidence giving rise to the new claims or when such evidence was discovered); *Lawrence v. Town of Cheektowaga*, No. 04-cv-963S (WKS), 2006 U.S. Dist. LEXIS 48617, at *8-9 (W.D.N.Y. 2006) (plaintiff's possession of information giving rise to requested amendment four months prior to deadline to amend complaint defeated motion to amend); *Baergas v. City of New York*, No. 04-cv-2944 (BSJ)(HBP), 2005 U.S. Dist. LEXIS 18785, at *31-32 (S.D.N.Y. Sept. 1, 2005) (good cause lacking where plaintiff advised court of its intention to amend complaint more than one month before deadline to amend but did not move to amend until two months after the deadline had passed).

While the "primary consideration" for determining whether a party has good cause is if "the moving party can demonstrate diligence," the district court may also consider "other relevant factors including, in particular, whether allowing the amendment of the pleading at this state of the litigation will prejudice defendants." *Kassner v. 2nd Avenue Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). Additionally, "[i]t must be kept in mind that all federal civil procedure rules

should 'be construed, administered, and employed by the court and the parties to secure the *just*, speedy, and inexpensive determination of every action and proceeding.'" *Dacosta v. City of New York*, 296 F. Supp. 3d 569, 583 (E.D.N.Y. 2017) (emphasis in original) (quoting Fed. R. Civ. P. 1). "It is 'entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of [] mere technicalities.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 181, (1962) (citing Fed. R. Civ. P. 1 and 15 in holding that amendment of a complaint should be freely given so a plaintiff is "afforded an opportunity to test his claim on the merits").

Plaintiffs in this case did not discover the extent of Mr. Scriven's involvement in the circumstances relevant to Ms. Guardiola's claims before the Court-ordered deadline to amend their complaint had passed. Their inability to obtain the facts necessary to add Scriven as a defendant before the deadline to amend the complaint, moreover, was not attributable to a lack of diligence, but was instead a result of delays in State Defendants' provision of discovery. Though the State Defendants in this case had exclusive possession of the overwhelming majority of evidence related to Plaintiffs claims, they did not identify Grant Scriven or produce documents identifying the true extent of Mr. Scriven's involvement in the circumstances relevant to Ms. Guardiola's claims until approximately one-and-a-half years after the deadline to amend the complaint had passed. Without any discovery from Defendants, and because Ms. Guardiola had passed away, Plaintiffs' ability to identify Mr. Scriven and his relationship to the claims in this matter was stymied. Plaintiffs could not ask Ms. Guardiola who harassed her while she was at the Rochester Office or who she spoke to at DOCCS in the days immediately preceding her death. Even when the State Defendants did finally identify Mr. Scriven as someone potentially having information relevant to this matter— after the deadline to amend had passed—it was only indirectly by generally referring to the NYSP investigation report. The State Defendants cannot dispute that they did not identify Mr. Scriven

or produce any documents identifying the extent of his involvement prior to the expiration of the deadline to amend the complaint.

The Court should additionally find that Plaintiffs proceeded with reasonable dispatch after learning new facts about Mr. Scriven. As noted supra at 4-8, although the NYSP investigation report, produced to Plaintiffs on August 4, 2020, identified Mr. Scriven as the person who directed Defendant Parole Officer Thomas O'Connor to go to Ms. Guardiola's home and call in a wellness check, discovery provided since then has continued to reveal Scriven's personal involvement in Ms. Guardiola's complaints of hostile work environment and in the decision to call for a wellness check.

In addition, the proposed amendments relating to Mr. Scriven would not unduly prejudice any defendants. Generally, an amendment to a complaint may be unduly prejudicial if it would "(i) require the defendant to expend significant additional resources to conduct discovery, or (ii) significantly delay the resolution of the dispute." *Id.* (citing *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993) (internal quotation marks omitted). Here, the proposed claims against Mr. Scriven arise out of the same events charged in the original complaint and will not require any additional discovery. Rather, the discovery necessary for Mr. Scriven to be added as a defendant has either already been conducted or is currently pending. For example, the State Defendants have already turned over emails related to Mr. Scriven and have long been aware that Plaintiffs intend to depose Mr. Scriven and have agreed that his deposition will go forward regardless of the outcome of this motion. Thus, Mr. Scriven's addition as a defendant will not delay resolution of this matter.

Based on the foregoing, the Court should find that Plaintiffs could not have named Mr. Scriven as a defendant before the deadline to amend expired. The Court should also find that it

was reasonable for Plaintiffs to wait until they had obtained more information about Mr. Scriven's involvement through depositions and discovery before moving to amend the complaint to add him as a defendant. It was reasonable for Plaintiffs to use available discovery devices to develop sufficient facts to allege that Mr. Scriven was personally involved in the violation of Ms. Guardiola's constitutional rights after already having engaged in several extensive motions to dismiss. Defendants will not be unduly prejudiced by the addition of Mr. Scriven as a defendant in this matter. Accordingly, the Court should find Plaintiffs have demonstrated good cause to amend their complaint to add Mr. Scriven as a defendant.

**B.      The Proposed Amendment Meets the Lenient Standard of Rule 15(a)(2)**

The Court should additionally find that Plaintiffs satisfy the Rule 15(a) requirements for leave to amend. Federal Rule of Civil Procedure 15(a)(2) provides "that leave to amend 'shall be freely given when justice so requires.'" Rule 15's liberal allowance for amendments "reflects two of the most important principles behind the Federal Rules: pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated, and 'mere technicalities' should not prevent cases from being decided on the merits." *Monahan v. N.Y. City Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000) (citation omitted); *see also Berry v. Vill. of Millbrook*, No. 09-cv-4234 (KMK), 2010 U.S. Dist. LEXIS 103239, at *19 (S.D.N.Y. Sept. 29, 2010) (permitting amendment). To satisfy the requirements of Rule 15(a)(2), a plaintiff need only show "colorable grounds for relief" and leave to amend will be granted "unless the plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party." *SS Silberblatt, Inc. v. E. Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir. 1979). The amendment must also not be futile, meaning that the proposed amended complaint must be able to

survive a motion to dismiss. *See Ricciuti v. New York City Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991).[4]

The proposed amendment amply meets this lenient standard. The additional allegations, which make clear that Grant Scriven knew about Ms. Guardiola's claims of discrimination and hostile work environment, ordered her to be disciplined by giving her a counseling memo, and was the one who ultimately ordered Thomas O'Connor to make the retaliatory welfare check that resulted in Ms. Guardiola's death, provide ample grounds for relief. Adding Grant Scriven, moreover, would not prejudice Scriven or any of the other defendants, who have all been aware of Scriven's involvement and his potential liability since the incident occurred. *See also infra* Section I.C (explaining that Scriven is not prejudiced because he had notice of the action). The only colorable defense that the proposed amended complaint does not meet the relaxed standards of Rule 15 is that the addition of Grant Scriven would be subject to a motion to dismiss as untimely since the three-year statute of limitations has passed, but this argument is addressed and refuted in the following section.

### C.     The Proposed Amendment is Timely Under the Relation-Back Doctrine

A proposed amendment brought after the expiration of a statute of limitations will not be barred, or deemed futile under Federal Rule of Civil Procedure 15(a)(2), so long as the allegations or parties proposed to be added fall under the relation-back doctrine of Federal Rule of Civil Procedure 15(c)(1). That statute provides that the addition of a new party will be deemed within the statute of limitations so long as, within that period, the added party "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have

---

[4] The showing demanded by Rule 15(a)(2) is the very same as the showing required by Federal Rule of Civil Procedure 21, which governs the addition of parties on motion by order of the Court. *See Soroof Trading Dev. Co. v. Ge Microgen, Inc*., 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (citing *Johnson v. Bryson*, 851 F. Supp. 2d 688, 703 (S.D.N.Y. 2012)).

known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *See* Fed. R. Civ. P. 15(c)(1)(A).

The first requirement can be satisfied by "actual notice" or by "constructive notice," which is established where the new and old defendants "are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *See Fromson v. Citiplate, Inc.*, No. 82 C 0986, 1989 U.S. Dist. LEXIS 1086, at *5-7 (E.D.N.Y. Jan. 23, 1989) (citing *Kirk v. Cronvich*, 629 F.2d 404, 408 (5th Cir. 1980)). When the new defendant is a government official, the court can ascribe notice to "a new government official through his attorney, when the attorney also represented the officials originally sued, so long as there is some showing that the attorney [] knew that the additional defendant[] would be added to the existing suit." *See Berry*, 2010 U.S. Dist. LEXIS 103239 at *5 n.6; *see also Baez v. Kahanowicz*, 469 F. Supp. 2d 171, 177 (S.D.N.Y. 2007) ("[N]otice has been imputed to a new defendant when he shares an attorney with the named defendant, such as when both defendants are government officials represented by the same government attorney."). For instance, in *Rogers v. Miller*, the court found that a newly added police officer had adequate notice because the Corporation Counsel for the City of New York represented the previously named defendants and would also represent the officer if added as a defendant. No 16-cv-3610 (AMD)(VMS), 2017 U.S. Dist. LEXIS 210280, at *13 (E.D.N.Y. Dec. 21, 2017).

The second requirement is satisfied where a new defendant knew that the action would have been brought against them but for "lack of knowledge regarding the conduct or liability of that party." *See Abdell v. City of New York*, 759 F.Supp.2d 450, 456–57 (S.D.N.Y. 2010). In *Abdell*, for example, the court allowed for the addition of an Inspector General as a new defendant in a complaint against the City of New York and other police officials, on the grounds that the "most

logical explanation for [plaintiffs'] failure to name [the Inspector General] in the original Complaint is that Plaintiffs misunderstood his role in the arrest decision giving rise to their claim" and that he "could not have reasonably believed that his omission from the initial Complaint was anything other than a mistake." *See id.* at 457, 459. Likewise, in *Roe v. Johnson*, No. 07-cv-2143 (RJD)(RER), 2011 U.S. Dist. LEXIS 155584, at *16 (E.D.N.Y. Aug. 12, 2011), the court held that "plaintiff's misunderstanding (or to put it another way, lack of knowledge) about which entity actually performed [certain] roles constituted a mistake under Rule 15." *See also Navarra v. Marlborough Gallery, Inc.*, No. 10-cv-7547 (KMW)(RLE), 2013 U.S. Dist. LEXIS 42548, at *18-19 (S.D.N.Y. Mar. 25, 2013) ("The Court agrees . . . that Rule 15(c) can be satisfied where the plaintiff '[lacked] knowledge regarding the conduct or liability' of the newly added party.").

Grant Scriven had actual and constructive notice of this action within the three-year statute of limitations and should have known that he would have been named in the complaint but for a mistake about his identity and involvement. In fact, documents produced on June 21, 2022—the morning of the deposition of SPO Palm—reflect that Scriven received an e-mail requiring him to preserve all relevant documents and records relating to Ms. Guardiola and her death on October 16, 2017. (*See* Arena Aff., Exhibit 15). Additionally, notice of this action clearly can be ascribed to Grant Scriven through the New York State Attorney General's office, which is already representing the three state government officials named in the original complaint—DOCCS Parole Chief Dawn Anderson and Senior Parole Officers Thomas O'Connor and Beth Hart-Bader—and can be anticipated to represent Scriven as well. *See Rogers*, 2017 U.S. Dist. LEXIS 210280, at *13l; *see also Baez,* 469 F. Supp. 2d at 177 (S.D.N.Y. 2007). Scriven and the previously named state government officials are "so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other."

*See Fromson*, 1989 U.S. Dist. LEXIS 1086, at *5-7. These sources of notice ensure that Grant Scriven will not be prejudiced by his addition as a defendant to this action.

Furthermore, just as in *Abdell*, Grant Scriven should have known that the action would have been brought against him but for Plaintiffs' lack of knowledge regarding his "conduct or liability." Plaintiffs' central allegation in the initial complaint, filed within the statute of limitations, was that Defendant Thomas O'Connor had called 911 requesting a welfare check on the false grounds that Ms. Guardiola had been missing from work for three weeks. Though Plaintiffs did not know this at the time of filing the initial complaint, Scriven would have known that the call was made because he had ordered it. The fact that he received notice to preserve all relevant files related to Ms. Guardiola just days after her death, moreover, should have indicated to him that the complaint would have included him as a defendant if Plaintiffs had understood his involvement in the welfare check. Indeed, the Complaint explicitly stated that the circumstances surrounding the welfare check were "not fully known [to Plaintiffs]" at the time of filing, which should have confirmed that Mr. Scriven's involvement, if fully known, would have been included in the complaint. (Dkt. No. 1 at 4 and 64). While Plaintiffs mention Grant Scriven in the FAC, Plaintiffs at the time of that filing did not have information made available since then that now warrants the filing of the proposed second amended complaint. For these reasons, Plaintiffs should be granted leave to file the proposed Second Amended Complaint.

## II.     PLAINTIFFS SHOULD BE GRANTED LEAVE TO AMEND THE CAPTION

"A caption may of course be amended with the permission of the court." *Hernandez-Avila v. Averill*, 725 F.2d 25, 27 n.4 (2d Cir. 1984). In addition to adding Grant Scriven as a Defendant in his individual capacity, Plaintiffs respectfully request that he be added to the caption. Plaintiffs also respectfully request that the caption be updated to reflect the resolution of claims against the

Apartment Defendants on January 26, 2021, Dkt. No. 87, by removing the following: GRAND ATLAS PROPERTY MANAGEMENT, LLC, formerly known as MORGAN MANAGEMENT LLC, a domestic Limited Liability Company; MORGAN COMMUNITIES MANAGEMENT, LLC ("Morgan Communities"), a domestic Limited Liability Company; PINNACLE NORTH I LLC ("Pinnacle"), a foreign Limited Liability Company; and JOHN and JANE DOE #1 and #2, employees of GRAND ATLAS, MORGAN COMMUNITIES, and/or PINNACLE.

## **CONCLUSION**

For all of the above reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion to amend the complaint and amend the caption and permit the filing of the proposed Second Amended Complaint.

Dated: New York, New York
July 18, 2022

Respectfully submitted,

BELDOCK LEVINE & HOFFMAN LLP

By: _____
Jonathan C. Moore
Luna Droubi
Marc A. Cannan
Marc Arena

*Attorneys for Plaintiffs Alysa Ocasio, Andrew Ocasio, and Jahaira Holder, as Administratrix of the Estate of Sandy Guardiola*