UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

ALYSA OCASIO, ANDREW OCASIO, and JAHAIRA HOLDER, as Administratrix of the Estate of Sandy Guardiola,

         Plaintiffs,

- against -

The CITY OF CANANDAIGUA, a municipal entity; Canandaigua Police Chief STEPHEN HEDWORTH, in his individual and official capacities; Canandaigua Police Sergeant SCOTT KADIEN, in his individual capacity; DOCCS Parole Chief DAWN ANDERSON, in her individual capacity; DOCCS Senior Parole Officer THOMAS O'CONNOR, in his individual capacity; DOCCS Senior Parole Officer BETH HART-BADER, in her individual capacity; GRAND ATLAS PROPERTY MANAGEMENT, LLC, formerly known as MORGAN MANAGEMENT LLC, a domestic Limited Liability Company; MORGAN COMMUNITIES MANAGEMENT, LLC ("Morgan Communities"), a domestic Limited Liability Company; PINNACLE NORTH I LLC ("Pinnacle"), a foreign Limited Liability Company; and JOHN and JANE DOE #1 and #2, employees of GRAND ATLAS, MORGAN COMMUNITIES, and/or PINNACLE,

         Defendants.

No. 18-cv-06712 (DGL) (MWP)

------------------------------------------------------------------------ X

# REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND TO AMEND THE CAPTION

         BELDOCK LEVINE & HOFFMAN LLP
         99 Park Avenue, PH/26th Floor
         New York, New York 10016
         (212) 490-0400

         *Attorneys for Plaintiffs*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ..................................................................................................................... 1

I.    CONTRARY TO DEFENDANTS' ARGUMENTS, THE PROPOSED AMENDMENT MEETS THE REQUIREMENTS OF FED. R. CIV. P. 15(C) ........................................... 2

    A.    Grant Scriven Will Not Be Prejudice in Defending this Case on the Merits ............. 2

    B.    Grant Scriven Should Have Known that the Action Would Have Been Brought Against Him But for a Mistake Concerning His Identity ............................ 5

II.    PLAINTIFFS' DISMISED CAUSES OF ACTION ........................................................ 7

CONCLUSION .................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Abdell v. City of New York*, 759 F.Supp.2d 450 (S.D.N.Y. 2010) ............................................... 2, 5

*Captiol Records, Inc. v. Naxos of Am., Inc.*, 262 F.Supp.2d 204 (S.D.N.Y. 2003) ........................ 2

*Doe v. Columbia Univ.*, 165 F.R.D. 394 (S.D.N.Y. 1996) ............................................................... 3

*Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010) .............................................................. 3, 5

*Rodriguez v. Municipality of San Juan*, 659 F.3d 168 (1st Cir. 2011) ........................................ 6, 7

*Rotter v. Leahy*, 93 F. Supp. 2d 487 (S.D.N.Y. 2000) ..................................................................... 2

*VKK Corp. v. NFL*, 244 F.3d 114 (2d Cir. 2001) ............................................................................ 1

**Rules**

Fed. R. Civ. P. 15(c) ..................................................................................................................... 1, 2

**PRELIMINARY STATEMENT**

Plaintiffs respectfully submit this reply memorandum of law in support of their motion for leave to file a second amended complaint and to amend the caption. Plaintiffs seek leave to file the Proposed Second Amended Complaint, Exhibit 1 annexed to the Affirmation of Marc Arena in Support of Plaintiffs' Motion for Leave to File Second Amended Complaint and to Amend the Caption ("Arena Aff."), Dkt. No. 143 (corrected in Dkt. No. 148-1), to add Regional Director Grant Scriven ("Mr. Scriven") as a defendant and to conform the allegations in the complaint to developed facts. Defendants Sergeant Scott Kadien, the City of Canandaigua, and Chief Stephen Hedworth oppose Plaintiffs' motion insofar as the proposed amendment includes claims which were previously dismissed. *See* Dkt. Nos. 150 and 151. The State Defendants oppose Plaintiffs' motion to amend solely on the ground that Plaintiffs have failed to satisfy the requirements of the relation back doctrine under Fed. R. Civ. P. 15(c). *See* State Defendants' Memorandum of Law in Opposition to the Plaintiffs' Motion for Leave to File a Second Amended Complaint ("State Defs. Mem.") Dkt. No. 152-4 at 7, Point I. The State Defendants' arguments are meritless and Plaintiffs respectfully request that the Court grant Plaintiffs' motion.

**ARGUMENT**

Under Fed. R. Civ. P. 15(c), an amended complaint that names a new party relates back to the original timely complaint when: (i) both complaints arise out of the same conduct, transaction, or occurrence, (ii) the additional defendant received such notice of the action that it will not be prejudiced by the delay, and (iii) the additional defendant knew or should have known that the action would have been brought against it, but for a mistake concerning its identity. *VKK Corp. v. NFL*, 244 F.3d 114, 128 (2d Cir. 2001). Here, the State Defendants do not dispute that the proposed amended complaint concerns the same conduct at issue in the original complaint. Nor do they

1

dispute that the proposed additional defendant, Mr. Scriven, had notice of the action. They argue only that Plaintiffs have not fully met the second and third requirements of Fed. R. Civ. P. 15(c). Specifically, the State Defendants maintain that the proposed additional defendant, Mr. Scriven, will be prejudiced in defending himself on the merits and that he did not know that the action would have been brought against him but for a mistake concerning his identity. The State Defendants' arguments are meritless.[1]

## I. CONNTRARY TO DEFENDANTS' ARGUMENTS, THE PROPOSED AMENDMENT MEETS THE REQUIREMENTS OF FED. R. CIV. P. 15(c)

### A. Grant Scriven Will Not Be Prejudice in Defending this Case on the Merits

The State Defendants have failed to show that Mr. Scriven will be prejudiced by the purported delay in adding him as a defendant to this action. "[T]he test is whether the facts alleged in the original complaint give sufficient notice of the conduct and transactions underlying the amendment to avoid unfair and prejudicial surprise to the [new] defendant." *Abdell v. City of New York*, 759 F.Supp.2d 450, 455 (S.D.N.Y. 2010) (quoting *Captiol Records, Inc. v. Naxos of Am., Inc.*, 262 F.Supp.2d 204, 216 (S.D.N.Y. 2003)). A mere delay in resolving an open legal dispute is not adequate to establish the requisite prejudice under the relation-back doctrine. *See Rotter v. Leahy*, 93 F. Supp. 2d 487, 499 (S.D.N.Y. 2000) (citing cases) ("Delay is an insufficient reason to deny a motion to amend.").

The State Defendants concede that "Mr. Scriven was on notice of the existence of the action." State Defs. Mem. at 8. Nonetheless, the State Defendants attempt to establish prejudice by broadening the legal standard. Instead of showing how Mr. Scriven himself will experience unfair and prejudicial surprise, as Fed. R. Civ. P. 15(c) requires, State Defendants suggest that

---

[1] The State Defendants make no argument as to Plaintiffs' arguments under Fed. R. Civ. P. 15(a) and 16.

because counsel for State Defendants have already discussed this case openly with Mr. Scriven, he may need separate counsel,[2] and that the "change of counsel will prejudice the *current* defendants who wish this action to proceed forward as quickly as possible." *Id.* at 9 (emphasis added). Purported prejudice to existing defendants, however, is not part of a relation back analysis. *See* Fed. R. Civ. P. 15(c). Even if it was, the State Defendants' argument would still fail, since delay alone is not an adequate reason to deny amendment. *See Rotter,* 93 F. Supp. 2d at 499 (citing cases). In fact, leave to amend has been granted even in circumstances just like those to which the State Defendant allude, where amending may have "necessitated the disqualification of defendants' counsel." *Id.* (citing *Doe v. Columbia Univ.*, 165 F.R.D. 394, 397 (S.D.N.Y. 1996)).

The State Defendants additionally argue that Plaintiffs could have acted with "greater urgency to avoid undue prejudice." State Defs. Mem. at 9.[3] But this argument, too, has no bearing on the relation-back standard. Relation back is concerned only with whether Mr. Scriven will experience prejudice and not with the nature or cause of any purported delay. Indeed, there is no support for the position that even "a plaintiff's dilatory conduct can justify the denial of relation back under Rule 15(c)(1)(C)," since the Rule "plainly sets forth an exclusive list of requirements for relation back, and the amending party's diligence is not among them." *See Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 552-53 (2010); *see also id.* at 553 ("[T]he speed with which a plaintiff moves to amend her complaint or files an amended complaint after obtaining leave to do so has no bearing on whether the amended complaint relates back.").

---

[2] Although counsel for the State Defendants state they have been ready to represent Mr. Scriven at a deposition for several weeks, they announced for the first time in June 2022 that there is a potential conflict of interest between their representing Mr. Scriven as defendant. *See* Crain Decl. at ¶¶ 29-32. The State Defendants do not specify, other than noting some relation to Plaintiffs' conspiracy allegation, *see* State Defs. Mem. at 11, how a conflict of interest would arise by representing Mr. Scriven as a defendant but no such conflict would exist by representing him as a non-party deponent. In any event, the Court should not credit an argument based on such vague, unspecified allegations.

[3] The State Defendants do not argue that Plaintiffs were not diligent.

The State Defendants' allegations of delay are also unsupported and untrue. For instance, they allude to the Crain Decl. and Arena Aff. to claim that Plaintiffs had "sufficient knowledge and information to move to amend the Complaint to add Mr. Scriven before the statute of limitations ran." State Defs. Mem. at 9. But, as the Crain Decl. makes clear, the State Defendants did not provide any discovery to Plaintiffs until just four days before the statute of limitations on Plaintiffs' claims ran. *See* Crain Decl. at ¶¶ 3 and 10. Moreover, the State Defendants' responses to Plaintiffs' first set of interrogatories only state that Mr. Scriven had sent someone to check on Ms. Guardiola. Exhibit 5 to Arena Aff., Dkt. No. 143-5 at 7, Response to Interrogatory No. 11.[4] Defendants did not state that Mr. Scriven sought to have armed police officers conduct a wellness check on Ms. Guardiola based on an untrue claim that Ms. Guardiola had not been heard from for weeks. This was not verified until Plaintiffs' deposition of Defendant Thomas O'Connor. Defendant O'Connor testified that Mr. Scriven was the sole source of the information he relied upon—that Ms. Guardiola had purportedly not been heard from for three weeks—in going to Ms. Guardiola's residence and calling 911. Plaintiffs informed Defendants that they were considering moving to amend the complaint following the deposition of Defendant O'Connor, *see* Crain Decl. at ¶ 25, and Defendants noted that they would oppose such a motion. Plaintiffs continued to advance discovery and highly relevant documents were still being produced, including, on June 3, 2022, the voicemail Ms. Guardiola left Senior Parole Officer Aaron Palm confirming, in her own words, that she had spoken with Mr. Scriven in the days prior to her death.

---

[4] While significant discovery has taken place in this matter, the State Defendants admit there have been delays. *See* State Defs. Mem. at 5. Indeed, the State Defendants have twice been sanctioned following Plaintiffs' motions to compel. *See* Dkt. Nos. 110 and 124. While the State Defendants point to "some of the discovery" being "duplicative," the Plaintiffs expect that additional relevant emails concerning Ms. Guardiola have not been produced. In addition to the deposition of Mr. Scriven, Plaintiffs are yet to take the deposition of the shooting officer, Defendant Kadien, as well as the depositions of the New York State Police investigator, high-level DOCCS officials and Mr. Scriven's administrative assistant Rita Spaulding. Plaintiffs note, however, that the State Defendants are correct that Exhibits 7, 8, and 9 to the Arena Aff. were also contained in the OSI production.

### B. Grant Scriven Should Have Known that the Action Would Have Been Brought Against Him But for a Mistake Concerning His Identity

The State Defendants argue that Plaintiffs' motion should be denied because it fails to show that Mr. Scriven knew or should have known that he was not named as a party because of a mistake in identity. *See* State Defs. Mem. at 9. Specifically, the State Defendants argue that relation back is only permissible when there has been a mistake in identity and the moving party seeks to substitute a proper new defendant in place of an existing, erroneously named defendant. *Id.* at 9-11. This narrow interpretation, however, was rejected by the Honorable Richard J. Sullivan, now a Second Circuit Court judge, in *Abdell*. Finding that the Supreme Court had "expressly contemplated relation back where the plaintiff knows the existence of a prospective defendant but lacks knowledge of that defendant's liability at the time of the filing," Judge Sullivan held "it is clear that a mistake 'concerning the proper party's identity' under Rule 15(c) includes lack of knowledge regarding the conduct or liability of that party." *Abdell,* 759 F. Supp. 2d at 457 (analyzing Supreme Court decision in *Krupski*).

Defendants also contend that Plaintiffs knew on or before the statute of limitations ran that Mr. Scriven directed Defendant O'Connor to check on Sandy Guardiola's welfare on October 4, 2017. As Defendants themselves point out, however, what matters in the relation-back doctrine is not what the Plaintiffs or their counsel knew, but what Mr. Scriven knew or should have known. at the time the complaint was filed. Mr. Scriven knew or should have known that the Plaintiffs did not recognize his liability for the events leading up to Ms. Guardiola's death and that they would have included him in the complaint if they had they known. At that time, as Plaintiffs argued in their motion, Mr. Scriven knew or should have known that Plaintiffs did not know that he, to the exclusion of other sources, was the source of the information that led to Ms. Guardiola's deadly wellness check, or that the information he provided regarding her last contact with work was false.

5

Thus, Mr. Scriven knew or should have known that Plaintiffs misunderstood his role in the harassment Ms. Guardiola suffered and in the decision to further that harassment by causing an armed police officer to conduct a wellness check on Ms. Guardiola based on the false information that she had not been heard from in weeks.

The State Defendants' argument that Plaintiffs should have known Scriven was involved in the violation of Ms. Guardiola's rights from the New York State Police report the State Defendants produced—four days before the statute of limitations ran on their claims—is without merit. The New York State Police report did not clarify that Scriven was a proper party. According to the report, Mr. Scriven asked Defendant O'Connor to check on the welfare of Ms. Guardiola after being informed Ms. Guardiola did not show up to work and was not responding to calls to her cell phone. Thus, in this context, Defendant O'Connor's statement suggests that Mr. Scriven was merely responding to a situation as a supervisor. His suitability as a defendant is made clearer in the context of later obtained information. Plaintiffs were under no obligation to accept the truth of Defendant O'Connor's statement to the police and were entitled to depose him as a defendant in this matter. Defendant O'Connor's statement in New York State Police file did not clarify whether Mr. Scriven was a proper party. Not until Plaintiffs deposed Defendant O'Connor did they learn that the source of the false information that Ms. Guardiola had not been heard from for three weeks was solely Mr. Scriven, and based on additional discovery following Defendant O'Connor's deposition, Mr. Scriven knew that such information was false. This information led Plaintiffs to give notice of their intent to amend the complaint to add Mr. Scriven as a defendant.

The State Defendants' reliance on *Rodriguez v. Municipality of San Juan*, 659 F.3d 168 (1st Cir. 2011) is misguided. In that case, the First Circuit found that a plaintiff had provided neither caselaw nor reasoned analysis to support their motions to add a new defendant under the

6

relation-back doctrine. In particular, the First Circuit noted that the proposed new defendant was one of the plaintiffs' supervisors, and that the plaintiff, therefore, "certainly knew" her role in the constitutional violations alleged. *Rodriguez*, 659 F.3d at 181. In this case it is the State Defendants who have provided neither caselaw nor reasoned analysis for why relation back does not apply. Moreover, while Mr. Scriven was a supervisor of Ms. Guardiola, and Ms. Guardiola was undoubtedly aware of Mr. Scriven's involvement in the violation of her rights, Plaintiffs were not aware of his involvement because Ms. Guardiola was tragically killed as a result of Mr. Scriven and the other defendants' unlawful conduct. Indeed, unlike the facts in *Rodriguez,* the fact that Ms. Guardiola died as a result of the wellness check heightens the expectation that Mr. Scriven should have known that the failure to name him as a defendant was due to Plaintiffs' lack of knowledge regarding his conduct and liability.

For the above reasons, and those argued in Plaintiffs' opening brief, the Court should grant Plaintiffs leave to file the proposed second amended complaint.

## II. PLAINTIFFS' DISMISSED CAUSES OF ACTION

As noted in the opposition of the Defendants City of Canandaigua and Chief Hedworth, Dkt. No. 150 at 2, and the opposition of Defendant Scott Kadien, Dkt. No. 151 at 2, Plaintiffs acknowledge that they included in their proposed second amended complaint the fourth cause of action that was previously dismissed. *See* Decision and Order, Dkt. No. 82 at 18; Exhibit 1 to Arena Aff., at ¶¶ 175-182. Plaintiffs also acknowledge that the Court dismissed Plaintiffs *Monell* theories of liability based on ratification and acquiescence, Decision and Order, Dkt. No. 82 at 13-15, but note that Plaintiffs' *Monell* failure to train claim was not dismissed, *id*. at 16-17. Plaintiffs defer to the discretion of the Court on whether to reaffirm its prior ruling or if Plaintiffs should submit a revised proposed second amended complaint in the event the instant motion is granted.

## **CONCLUSION**

For all of the above reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion to amend the complaint and amend the caption, and permit the filing of the proposed Second Amended Complaint.

Dated: New York, New York
August 16, 2022

Respectfully submitted,

BELDOCK LEVINE & HOFFMAN LLP

By: _____
Jonathan C. Moore
Luna Droubi
Marc A. Cannan
Marc Arena

*Attorneys for Plaintiffs Alysa Ocasio, Andrew Ocasio, and Jahaira Holder, as Administratrix of the Estate of Sandy Guardiola*