UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALYSA OCASIO, ANDREW OCASIO and
JAHAIRA HOLDER, as Administratrix of the Estate
of Sandy Guardiola,

                                        Plaintiffs,

                                                                                                                       <u>DECISION AND ORDER</u>

                                                                                                                       18-CV-6712DGL

                              v.

CITY OF CANANDAIGUA, a municipal entity;
Canandaigua Police Chief STEPHEN HEDWORTH,
in his individual and official capacities; Canandaigua
Police Sergeant SCOTT KADIEN, in his individual
capacity; DOCCS Regional Director GRANT SCRIVEN,
in his individual capacity; DOCCS Parole Chief DAWN
ANDERSON, in her individual capacity; DOCCS Senior
Parole Officer THOMAS O'CONNOR, in his individual
capacity; and DOCCS Senior Parole Officer BETH
HART-BADER, in her individual capacity,

                                        Defendants.
_____


       Plaintiffs commenced this action against defendants, the City of Canandaigua, its police chief, a police sergeant, and several employees of the Department of the New York State Department of Corrections and Community Supervision ("DOCCS"). The underlying facts revolve around the death of DOCCS employee Sandy Guardiola, who was fatally shot in her bed by a police officer, shortly after his warrantless entry into her apartment on the afternoon of October 4, 2017. Following the settlement of claims by some parties and the dismissal of claims against others, individual defendant Thomas O'Connor is presently the only defendant who remains in the case.

Familiarity with this matter's procedural history is presumed. In relevant part, on December 13, 2022 (Dkt. #165), Magistrate Judge Marian Payson granted plaintiffs' motion to file a Second Amended Complaint to add claims against individual defendant Grant Scriven ("Scriven"), holding that in spite of Scriven's protests that the claims asserted against him were untimely, the record raised material questions of fact as to "whether equity should be exercised to permit plaintiffs to assert claims against Scriven that would otherwise be barred by the three-year statute of limitations." (Dkt. #165 at 28).

After the Second Amended Complaint became the operative pleading in this case, Scriven moved this Court to dismiss the claims against him as untimely, pursuant to Fed. R. Civ. Proc. 12(b)(6). On July 10, 2023, the Court denied that motion, concurring with Magistrate Judge Payson that the record raised material questions of fact as to whether equitable tolling and equitable estoppel should be applied, and finding that a motion to dismiss was not the proper mechanism by which the Court could engage in the fact-intensive analysis that would be required to resolve those questions. (Dkt. #227). While the Court invited the parties to raise the issue on a motion for summary judgment, where the Court could properly consider relevant evidence outside the pleadings, neither party filed such a motion. *Id*.

On March 27, 2024 (Dkt. #258), this Court issued a Decision and Order which granted in part, and denied in part, a motion by individual defendants Thomas O'Connor ("O'Connor"), Dawn Anderson ("Anderson"), and Beth Hart-Bader ("Hart-Bader"), seeking to dismiss the claims against them pursuant to Fed. R. Civ. Proc. 12(b)(6). The Court dismissed, as insufficiently stated: (1) all of plaintiffs' claims against Anderson and Hart-Bader; (2) plaintiffs' Fourth Amendment excessive force claims, and wrongful death claims, against O'Connor and Scriven; and (3) plaintiffs' Fourth Amendment claims of unlawful entry, and unreasonable search and seizure,

against Scriven. While Scriven had not joined the other individual defendants in the underlying motion to dismiss, the Court exercised its discretion to dismiss the claims against him *sua sponte*. *Id*.

Plaintiffs thereafter filed a Motion for Partial Reconsideration (Dkt. #260), which, among other things, objected to the *sua sponte* nature of the dismissal of the claims against Scriven, without plaintiffs having had the chance to be heard. Accordingly, the Court directed (Dkt. #261) that the plaintiffs be provided with an opportunity to submit supplemental arguments and evidence in support of their claim that the claims against Scriven were not subject to dismissal. Plaintiffs, and defendant O'Connor, both filed supplemental submissions concerning the sufficiency of the claims against Scriven (Dkt. #262, #263, and #264), which were duly considered by the Court in deciding the instant motion.

Plaintiffs' motion for partial reconsideration of the Court's March 27, 2024 Decision and Order argues that: (1) the Court erred in dismissing the claims against Scriven, because any finding that they were insufficiently stated was barred by the "law of the case"; and (2) the Court erred in dismissing the wrongful death claims against Scriven and O'Connor, because plaintiffs had plausibly alleged, inter alia, that Guardiola's death was a foreseeable and proximate result of Scriven's and O'Connor's actions. (Dkt. #260). For the reasons that follow, that motion is denied.

## DISCUSSION

### I. Relevant Standard

Motions for reconsideration are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). Accordingly, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to

alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Furthermore, "a motion for reconsideration may not be used . . . as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). The determination of whether to grant or deny a motion for reconsideration lies squarely within the Court's broad discretion. *See Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000).

II.     **Plaintiff's Contentions**

Initially, plaintiffs argue that the Court erred when it dismissed plaintiffs' claims against Scriven, because Magistrate Judge's Payson's prior grant of leave to amend the complaint and add him as a defendant (Dkt. #165), and/or this Court's prior denial of Scriven's motion to dismiss the claims against him as untimely (Dkt. #227), necessarily and implicitly found that plaintiffs' claims against Scriven were non-frivolous and able to withstand a motion to dismiss, and thus operate as the "law of the case."

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). The doctrine "presumes a hearing on the merits," *United States v. Hatter*, 532 U.S. 557, 566 (2001), and thus applies only to "issues that have actually been decided" by the Court. *Maersk, Inc. v. Neewra, Inc.*, 687 F. Supp. 2d 300, 334 (S.D.N.Y. 2009), *aff'd*, 450 F. App'x 3 (2d Cir. 2001).

Here, the issues previously examined and decided by Magistrate Judge Payson (Dkt. #165), and touched upon by this Court (Dkt. #227), were entirely distinct from those that were decided in the Decision and Order now under review. (Dkt. #258). Specifically, in addressing the plaintiffs' motion to amend under Fed. R. Civ. Proc. 15, Magistrate Judge Payson properly focused upon the

4

objections raised by defendants, which were limited to alleged untimeliness of plaintiffs' claims against Scriven, his entitlement to equitable tolling or equitable estoppel, and the alleged prejudice that would result to the defendants in the event plaintiffs were permitted to add him as a party defendant. (Dkt. #165). Similarly, the sole basis of Scriven's Fed. R. Civ. Proc. 12(b)(6) motion to dismiss before this Court was whether plaintiffs had plausibly alleged that their claims against him were timely – an issue that the Court declined to reach, because a motion to dismiss was not the proper vehicle to address it. (Dkt. #227).

Simply put, because the "law of the case" with respect to the claims against Scriven extends only to the narrow issues that the Court actually decided (e.g., whether plaintiffs had plausibly alleged the timeliness of their claims against Scriven, in a manner sufficient to allow amendment of the complaint pursuant to Fed. R. Civ. Proc. 15), it does not bar the Court's later dismissal of those claims as insufficiently stated pursuant to Fed. R. Civ. Proc. 12(b)(6), on grounds that had not been previously argued or considered. *See Manuel v. Gembala*, 2011 U.S. Dist. LEXIS 94421 at \*11 n.5 (E.D.N.Y. 2011)(a grant of leave to amend did not prejudice a later Rule 12(b)(6) motion to dismiss, because "'[l]eave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face,'" and it was "not facially obvious that the proposed [pleading] could not survive a motion to dismiss, and [] defendants offer[ed] no arguments as to specific deficiencies that [would] render the amendment futile") (*quoting Johnson v. Oroweat Foods*, 785 F.2d 503, 510 (4th Cir. 1986)). *See also Waterfront Renaissance Associates v. City of Philadelphia*, 701 F. Supp. 2d 633, 639 (E.D. Pa. 2010)(motion to dismiss was not barred by prior grant of leave to amend where the court "did not decide any issue of law raised in the [defendant's] motion to dismiss when it granted [plaintiff's] motion to

leave to amend," and thus law of the case did not apply). To the extent plaintiffs' motion for reconsideration relies on the law of the case doctrine, it must be denied.

Plaintiffs also argue that the Court's dismissal of the unreasonable search and seizure and unlawful entry claims against Scriven, and the wrongful death claims against Scriven and O'Connor, was erroneous. Specifically, plaintiffs allege that because Scriven and O'Connor were alleged to have acted "jointly" to bring about the unlawful intrusion in to Guardiola's apartment, the claims that were allowed to proceed against O'Connor should have been permitted to proceed against Scriven as well, even if it was O'Connor and not Scriven who is alleged to have played the most direct role, by being physically present at Guardiola's apartment, calling 9-1-1, and providing false information to both the dispatcher and to the responding officer. Plaintiffs also argue that the Court should have found that O'Connor and Scriven's actions were intertwined with one another, and were a proximate and foreseeable cause of Guardiola's death, regardless of the intervening actions of the police officer who shot her.

Plaintiffs' contentions seek only to reargue the underlying motion, which is not an appropriate purpose of a motion for reconsideration. Plaintiffs have not identified "an intervening change of controlling law, . . . new evidence, or the need to correct a clear error or prevent manifest injustice," but instead, ask the Court to construe the allegations of the Second Amended Complaint differently, in order to reach a different conclusion. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). There is no proper basis for the Court to reconsider or alter its prior Decision and Order. Plaintiffs' motion for reconsideration must be denied.

**CONCLUSION**

For the reasons stated above, plaintiff's motion (Dkt. #260) for partial reconsideration of the Court's March 27, 2024 Decision and Order is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 28, 2024.