UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ALYSA OCASIO, et al.,

                          Plaintiffs,

                v.

CITY OF CANANDAIGUA, et al.,

                          Defendants.

_____

DECISION AND ORDER

18-CV-6712DGL

This action was brought by the heirs and administratrix of the estate of decedent Sandy Guardiola, who was shot to death in her apartment by a City of Canandaigua, N.Y. police sergeant on October 4, 2017.  The underlying facts of this case and its procedural history have been set forth in several prior decisions of this Court, and familiarity with those facts and history is presumed.[1]

On March 27, 2024, this Court issued a Decision and Order which granted in part, and denied in part, a motion by individual defendants Thomas O'Connor, Dawn Anderson, and Beth Hart-Bader, seeking to dismiss the claims against them pursuant to Fed. R. Civ. Proc. 12(b)(6). The Court dismissed all of plaintiffs' claims against Anderson and Hart-Bader, and all of the claims against O'Connor except for their Fourth Amendment claims based on alleged unlawful entry and/or unreasonable search and seizure.  Exercising its discretion under Rule 12(b)(6), the

_____

[1] *See* Dkt. #285, 2024 WL 3218254 (June 28, 2024); Dkt. #258, 2024 WL 1303850 (Mar. 27, 2024); Dkt. #227, 2023 WL 4413933 (July 10, 2023); Dkt. #82, 513 F.Supp.3d 310 (Jan. 13, 2021).

Court also dismissed all the claims against defendant Grant Scriven, on the ground that the facts

alleged in the complaint failed to state a facially sufficient claim against Scriven.

Plaintiffs thereafter filed a motion (Dkt. #260) asking the Court to reconsider its *sua*

*sponte* dismissal of the claims against Scriven, and to reinstate those claims.  After giving

plaintiffs an opportunity to submit additional arguments and authority in support of their motion,

and allowing Scriven to respond, the Court issued a Decision and Order on June 28, 2024

denying plaintiffs' motion for reconsideration.

Plaintiffs have now moved (Dkt. #288) for an order directing entry of final judgment

under Rule 54(b) on all counts related to plaintiffs' claims against Scriven, so that plaintiffs can

take an immediate appeal from the Court's dismissal of those claims.  Scriven and O'Connor,

who are represented by separate counsel, have filed responses in opposition to the motion, and

plaintiffs have filed a reply in further support of the motion.

## DISCUSSION

Under Rule 54(b), a district court's adjudication as to some but not all of the claims or

parties in an action is not appealable unless the court in its discretion directs entry of a final

judgment and "expressly determines that there is no just reason for delay."  Such "[c]ertification

is appropriate only to serve the 'interests of sound judicial administration' or to avoid 'some

danger of hardship or injustice through delay which would be alleviated by immediate appeal.'"

*Matter of Energetic Tank, Inc.*, 110 F.4th 131, 148 (2d Cir. 2024) (quoting *Harriscom Svenska*

*AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)).

The Court of Appeals for the Second Circuit has "repeatedly stated that a district court's authority to enter a Rule 54(b) judgment should be 'exercised sparingly,'" bearing in mind "the historic federal policy against piecemeal appeals." *Ashmore v. CGI Group, Inc.*, 860 F.3d 80, 86 n.6 (2d Cir. 2017) (quoting *Novick v. AXA Network, LLC*, 642 F.3d 304, 310-11 (2d Cir. 2011)). In light of that policy, courts typically deny Rule 54(b) motions unless the dismissed and remaining claims "involve at least some different questions of fact and law and could be separately enforced, or if different sorts of relief are sought." *Read v. Corning Inc.*, 371 F.Supp.3d 87, 93 (W.D.N.Y. 2019) (internal quotation marks and citations omitted). *Compare Cassava Sciences, Inc. v. Bredt*, No. 22-cv-9409, 2024 WL 3345778, at *3 (S.D.N.Y. July 9, 2024) (denying Rule 54(b) motion where the remaining and dismissed claims involved many "closely related issues" and "many overlapping factual allegations"); *and Zhang v. Zhang*, No. 16 Civ. 4013, 2018 WL 11326689, at *2 (S.D.N.Y. May 10, 2018) (denying motion and stating that "[e]ntry of judgment now as to only one defendant when the liability of a second defendant remains to be determined could lead to piecemeal appeals," particularly since "the same conduct ... is ultimately the basis for both defendants' liability"), *with Horn v. Med. Marijuana, Inc.*, No. 15-CV-701, 2022 WL 206235, at *2-*3 (W.D.N.Y. Jau. 24, 2022) (granting motion where plaintiff sought to appeal a "narrow, dispositive issue" that presented "a discrete question of statutory interpretation" which would "demand little analysis of the underlying facts"). *See also Scottsdale Inc. Co. v. McGrath*, 88 F.4th 369, 376 (noting the "normal and federally preferred practice of postponing appeal until after a final judgment has been entered, disposing of all the claims of all the parties") (quoting *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992)).

In the case at bar, plaintiffs have not carried their burden of showing that "there is no just reason for delay[ing]" entry of judgment.  Fed. R. Civ. P. 54(b).  While the claims against Scriven and O'Connor quite naturally do not rest upon *completely* identical or coextensive facts–claims against separate parties rarely do–they nonetheless arise out of a common nucleus of facts.  *See Andres v. Town of Wheatfield*, No. 17-cv-377, 2021 WL 6550086, at *3 (W.D.N.Y. Apr. 14, 2021) (denying Rule 54(b) motion where "both Plaintiffs' surviving and dismissed claims are based on a common nucleus of operative facts").

Although plaintiffs contend that judicial efficiency would be served by entering final judgment as to Scriven, by avoiding the possibility of duplicative trials, courts in this circuit have repeatedly held that "a desire to avoid a second trial is insufficient to warrant entry of partial final judgment under Rule 54(b), as this desire is inherent in nearly all Rule 54(b) motions." *Commerzbank AG v. Bank of New York Mellon*, No. 15 Civ. 10029, 2024 WL 1309239, at *4 (S.D.N.Y. Mar. 27, 2024) (citing cases).  Furthermore, "this hypothetical efficiency gain would only be realized if the Second Circuit *reverses* this Court's [prior] decision," *id.*, and is thus speculative at best.  Nor have plaintiffs demonstrated that they will suffer any unfair or undue prejudice if the case proceeds as to the remaining claims against O'Connor alone.  *See Sussman Sales Co., Inc. v. VWR International, LLC*, No. 20-CV-2869, 2021 WL 6065760, at *7 (S.D.N.Y. Dec. 21, 2021) ("the prejudice caused by having to wait until completion of a trial to pursue plaintiff's other claim is a hardship inherent in every denial of Rule 54(b) certification, and hardly rises to the level of hardships that warrant immediate appeal") (cleaned up).  For all these reasons, plaintiffs' motion is denied.

**CONCLUSION**

Plaintiffs' motion for entry of judgment under Rule 54(b) (Dkt. #288) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 18, 2024.